## L. J. ALLEN ET AL. v. J. C. FOSTER.

### Decided April 29, 1903.

**Res Judicata—Partition—Injunction.**

A judgment in trespass to try title recovering an undivided half interest in certain lots and decreeing partition, concluded a defendant therein from subsequently claiming, that, by partition with his codefendant, a former owner whose title plaintiff in that action was asserting, he had acquired title to the whole of one of such lots, and from enjoining a sale for partition; such defense could have been asserted under the general issue, and was necessarily determined, since the suit was for partition; nor could he avoid the effect of such judgment by showing that he had failed to set up such title on advice of counsel that the suit could be defeated by his codefendant's claim of homestead.

Appeal from the District Court of Red River. Tried below before Hon. J. G. McGrady, Special Judge.

*Todd & Armistead,* for appellants.

*Lennox & Lennox,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellants brought this suit to enjoin the sale of the property in controversy under an order of sale issued out of the District Court of Red River County, in a suit in which J. C. Foster was plaintiff and L. N. Abbott and these appellants were defendants.

Cook and Higgins, partners, on November 29, 1897, recovered a judgment against L. N. Abbott for $46.24 and costs. Execution on said judgment was levied upon an undivided one-half interest in certain parcels of land, as the property of L. N. Abbott. These parcels were separately described in the levy and conveyance of the property, but in fact they constituted one lot of land in separate inclosures, one part being occupied as a residence, another as a gunsmith shop and the other as a blacksmith shop. The property was bought at the sheriff's sale by appellee J. C. Foster.

Foster then brought suit against L. N. Abbott and appellants Allen and wife, in form of trespass to try title for an undivided one-half interest in the three parcels of land, and for partition. The defendants

filed an answer in the case containing a plea of not guilty, and a special plea that all of the property was homestead of L. N. Abbott.

The evidence devoloped the fact that all the property was the community property of L. N. Abbott and wife. That his wife had died prior to the levy of the execution, and left Mrs. Allen as her only heir. That all of the property had been used as the homestead of said Abbott and his family, and that the residence portion and the gunsmith shop were still used as such at the time of the levy, but that he had then ceased to use the blacksmith shop and lot on which it was situated as part of his homestead.

The court accordingly sustained the plea of homestead as to the residence property and gunsmith shop; but as to the blacksmith shop and lot, found that the plaintiff was entitled to recover the undivided half interest belonging to L. N. Abbott, and appointed commissioners to partition the property between the plaintiff Foster and the defendants Allen and wife. The commissioners reported that the property was incapable of partition, and the court ordered the sheriff to sell it for the purpose of partition.

The defendants appealed from the original judgment and also the judgment ordering the property sold for partition, and these judgments were affirmed by the Court of Civil Appeals of the First District. 62 S. W. Rep., 121. Appellants then instituted this suit to enjoin the sale of the blacksmith shop and lot, and to annul and set aside the former judgment in so far as it affects the rights of Allen and wife in said property, and to quiet the title of said Allen and wife as against the claims of said Foster in said property.

Appellants alleged that prior to the levy of the execution against Abbott, a parol partition had been made by which the gunsmith shop was set apart in severalty to Abbott and the blacksmith shop to Mrs. Allen. It was claimed that the original suit, as against Mrs. Allen, was in fact only a partition suit, and that the issue as to her separate ownership of the whole of the blacksmith shop was not determined and was not res adjudicata, but if it was, that they were entitled to be relieved against that part of the judgment, and to have a new trial of that issue, because L. N. Abbott in that suit employed a reputable attorney, who advised him and them that Abbott could hold all of the property under his homestead claim, and so believing and relying on said advice they offered no proof of Mrs. Allen's separate ownership of the property.

All of the proceedings in the former suit were introduced in evidence. The court declined to hear the evidence offered upon the allegations as to the failure to present the issue of separate ownership on account of the advice of counsel, and instructed a verdict for the defendant.

It is earnestly insisted that the issue of the separate ownership of Mrs. Allen of the blacksmith shop was not disposed of in the first suit, and that this affirmatively appears from the proceedings in the case. We can not agree with this contention. It is no doubt true that the

defendants in that case offered no evidence upon that issue, and that the court did not know they were asserting such claim; but it does not follow from this that their rights were not disposed of. The plaintiff in that case brought suit for an undivided half interest in the property against these appellants, describing this particular lot separately from the rest. They plead not guilty and might have offered evidence of their ownership of the entire lot. In addition, the suit of plaintiff was for partition, and it was an absolute prerequisite for a judgment that the court should ascertain the interests of the parties in the property. Rev. Stats., art. 3610.

Under these circumstances, there can be no reasonable ground for contending that the extent of Mrs. Allen's interest was not in issue and determined by the former judgment.

Neither do we find any error in the refusal of the court to admit the evidence concerning their reasons for not offering evidence upon this issue in the former suit. There is no contention that they were ignorant at that time of the facts that they were misled by anything done by plaintiff in that suit. They were fully aware of all the facts then, and because they were advised by their counsel that another ground of defense would be sufficient, they offered no evidence of the rights they now attempt to assert. Such a showing would hardly require the court to set aside a judgment, even upon a motion for new trial; and we are fully satisfied that it would not warrant a court in reopening the judgment on a bill of review brought more than two years after the rendition of the judgment.

The case of Lumpkin v. Williams, 1 Texas Civ. App., 214, goes about as far as any we have examined in granting relief in such cases, but there it was shown that the judgment was procured by the fraud of the plaintiff. In this case, however, it is not contended that the plaintiff in the former suit knew anything about the facts now relied on by appellants. We are forced to the conclusion that appellants, if they had a defense against the former suit, were guilty of culpable neglect in not presenting it at the proper time, and that a court of equity will not grant them relief.

There being no error in the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.